E-FILED
Tuesday, 12 February, 2013  02:12:56 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| EYMARDE LAWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cv-1299 |
| | ) | |
| PEORIA SCHOOL DISTRICT NO. 150, | ) | |
| An Illinois Local Governmental Entity, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Board of Education of Peoria School District No. 150's (School District) Renewed Motion For a More Definite Statement (d/e 12) (Motion).  For the reasons set forth below, the Motion is DENIED.

Plaintiff Eymarde Lawler alleges she formerly worked as a teacher for the School District.  She alleges that she is disabled due to depression and posttraumatic stress disorder.   She alleges she requested a transfer as a reasonable accommodation of her disability.  She alleges that the School District discriminated against her by refusing to give her the requested reasonable accommodation and, ultimately, by firing her.  She further

alleges that the School District also committed these acts in order to retaliate against her for exercising her rights.  See Amended Complaint (d/e 11) (Complaint), ¶¶ 6-19, 21-26.

Lawler asserts her claims under the Rehabilitation Act.  29 U.S.C. § 791 et seq.  The rights and remedies for employment discrimination under the Rehabilitation Act are substantially similar to those available under the Americans with Disabilities Act.  42 U.S.C. § 12111 et seq.  Both prohibit employment discrimination based on a person's disability; both require the claimant to exhaust administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission and securing a right to sue letter; and both subject damage claims to the same statutory caps.  See 29 U.S.C. §§ 794, 794a; 42 U.S.C. §§ 1981a, 2000e-5, and 12117; Teal v. Potter, 559 F.3d 687, 691 (7th Cir. 2009).  The Rehabilitation Act, however, applies only to certain entities, including entities that receive federal funding like the School District.  29 U.S.C. § 794.  Lawler has elected to proceed under the Rehabilitation Act.

The School District moves for a more definite statement under Federal Rule of Civil Procedure 12(e).  The School District complains that Lawler recited numerous unnecessary and confusing statutory sections in the Complaint.  The School District complains that Lawler "lumps together"

her allegations that she was both disabled and regarded as disabled.   The

School District complains that Lawler alleges a violation of the students'

rights without explaining the connection to her claim.  Lastly, the School

District complains that Lawler combined all of her theories of recovery into

a single count.  Motion, ¶¶ 4-7.

Motions for more definite statement are disfavored.  Such motions

are granted only when the complaint is so vague that a party cannot

respond to it. See Fed. R. Civ. P. 12(e); Harper v. City of Murphysboro, Ill.,

2008 WL 2782837, at *1 (S.D. Ill. July 15, 2008); Moore v. Fidelity Financial

Services, Inc., 869 F.Supp. 557, 559-60 (N.D. Ill. 1994).  Lawler's complaint

is not so vague.  The extensive statutory quotations may be unnecessary,

but they are not vague.  Federal notice pleading also allows a plaintiff to

allege multiple theories in the same count.  See Fed. R. Civ. P. 10(b);

Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992)

("Although it is common to draft complaints with multiple counts, each of

which specifies a single statue or legal rule, nothing in the Rules of Civil

Procedure requires this.").  The School District can respond to the

allegations and statutory recitations in the Complaint with a motion to

dismiss or an answer.

Paragraph 27 is the least clear part of the Complaint.  Paragraph 27

is set off by itself under a separate heading:

> **B.      Employment of Lawler in a Position for Which her Disability Disqualified Her Deprived Her Disabled Students of the Educational Opportunities Required by the Rehabilitation Act**
>
> 27.      Lawler's training and disability of which she informed District 150 on September 22, 2011 rendered her unable to teach the disabled students to provide them with the education required by Section 504 of the Rehabilitation Act.

Complaint ¶ 27 (emphasis in the original).  The Court agrees with the

School District that this paragraph appears to assert a claim on behalf of

the students rather than Lawler.  Lawler does not allege the basis for her

standing to bring a claim on behalf of the students and does not seek any

remedies for the students.  The School District, however, can still respond

even to this paragraph by a motion to dismiss or an answer.

The Court, in its discretion, determines that this case will proceed

more expeditiously if the School District responds to the Complaint with

either a motion to dismiss or an answer.  Directing Lawler to replead or file

a more definite statement will only delay matters.

WHEREFORE Defendant Board of Education of Peoria School

District No. 150's Renewed Motion For a More Definite Statement (d/e 12)

is DENIED.  Defendant is directed to respond to the Amended Complaint

by February 28, 2013.

ENTER:     February 12, 2013


_____
                                    *s/ Byron G. Cudmore*
                                    UNITED STATES MAGISTRATE JUDGE