IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| EYMARDE LAWLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-cv-1299 |
| ) | |
| PEORIA SCHOOL DISTRICT NO. 150, ) | |
| An Illinois Local Governmental Entity, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Peoria School District No. 150's (School District) Partial Motion to Dismiss (d/e 19). The School District seeks dismissal the portion of Plaintiff Eymarde Lawler's claim alleged in paragraph 27 of the Amended Complaint (d/e 11) (Complaint). For the reasons set forth below, this Court recommends that the Motion be allowed.

## STATEMENT OF FACTS

Lawler alleges that she was formerly employed by the School District as a teacher. She was assigned to the Behavioral Treatment Program at Trewyn Grade School beginning in the fall of 2010. She taught in the

Behavioral Emotional Disturbed special education unit that educated violent students.  Complaint, ¶¶ 4, 9.

At the beginning of August 2011, Lawler witnessed a man being shot near the Trewyn Grade School.  She saw the bloody abdominal wounds that the man suffered.  Lawler suffered posttraumatic stress disorder (PTSD) as a result of this incident.  In September 2011, her psychologist recommended a two-week leave and a transfer from the B.E.D. program.  The Complaint does not define the B.E.D. program, but the term appears to refer to the Behavioral Emotional Disturbed special education unit to which Lawler was assigned.  Lawler received the two-week leave, but not the transfer.  Complaint, ¶¶ 9-11.

Lawler returned to the B.E.D. unit after her leave ended.  During the 2011-12 school year, Lawler was assaulted seven times and threatened once by students at Trewyn Grade School.  In February 2012, Lawler's psychologist recommended a sick leave for the rest of the school year and a transfer from the B.E.D. unit.  She was given leave for the rest of the school year.  She was also given a bad evaluation and was laid off in a reduction in force after the school year ended.  Lawler alleges that she was disabled due to her PTSD and depression, and that the bad evaluation and the layoff occurred because the school wrongfully denied her requests for a

reasonable accommodation in the form of a transfer.  Complaint, ¶¶ 12-19. She further alleges that the School District also committed these acts in order to retaliate against her for exercising her rights as a disabled person. Complaint, ¶¶ 4-19, 21-26.

Lawler asserts her claims under the Rehabilitation Act. 29 U.S.C. § 791 et seq. The rights and remedies for employment discrimination under the Rehabilitation Act are substantially similar to those available under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 et seq.  See Opinion entered February 12, 2013 (d/e 16), at 2, for a discussion of the relationship between the Rehabilitation Act and the ADA in employment discrimination cases.

The School District asks the Court to dismiss the claim set forth in paragraph 27 of the Complaint.  Paragraph 27 is sole allegation in § IV. B. of the Complaint.  The heading for § IV. B. and paragraph 27 state:

> **B.    Employment of Lawler in a Position for Which her Disability Disqualified Her Deprived Her Disabled Students of the Educational Opportunities Required by the Rehabilitation Act**
>
> 27.    Lawler's training and disability of which she informed District 150 on September 22, 2011 rendered her unable to teach the disabled students to provide them with the education required by Section 504 of the Rehabilitation Act.

Complaint, § IV. B., ¶ 27 (emphasis in the original).

ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

The School District moves to dismiss the Claim because Lawler lacks standing to raise a claim on behalf of her students and because she fails to state a claim. The Court agrees. Paragraph 27 alleges that the students did not receive the education required by the Rehabilitation Act. This allegation can be read as an attempt to state a claim on behalf of the students. Lawler fails to allege that she has authority to sue on behalf of her students. She does not allege that she has been appointed guardian ad litem or otherwise authorized to bring the action on their behalf. See Fed. R. Civ. P. 17(c); T.W. by Enk v. Brophy, 124 F.3d 893, 897-98 (7th Cir. 1997) (stating that unrelated individuals should not represent minors without court appointment and only if family members are available).

Lawler further has no standing to bring a claim on her own behalf for the School District's alleged deprivation of the students' rights under the Rehabilitation Act. To have standing, a plaintiff must allege a concrete injury in fact to the plaintiff, a causal connection between the defendant's conduct and the injury, and the availability of redress. Scherr v. Marriott International, Inc., 703 F.3d 1069, 1073-74 (7th Cir. 2013). Lawler alleges no injury to her from the denial of an education to the students. She further seeks no remedy for the alleged injury to her students or otherwise indicates how awarding her damages and reinstatement will redress the

injury to the students. She fails to allege any standing for the claim in paragraph 27.

Lawler also fails to state a claim in paragraph 27. Lawler fails to allege facts to show that her students are protected by the Rehabilitation Act. Section 504 of the Rehabilitation Act states, in part, that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794. Section 705(20) of the Rehabilitation Act incorporates the ADA definition of a qualified individual with a disability for purposes of the anti-discrimination provisions in § 504. 29 U.S.C. § 705(20)(B). The ADA defines disability, in relevant part, as a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1).

Lawler does not allege facts to show that her students were disabled under this definition. She alleges that she taught violent students in the B.E.D. program. Complaint, ¶ 4. She does not allege that these students suffered from a physical or mental impairment that limited one or more of their major life activities. At best, she makes a conclusory allegation that "the most severe behavior students, who are physically violent and emotionally disturbed who are mentally ill, are contained in the Behavioral

Treatment Program" at the Trewyn Grade School. Complaint, ¶ 9. Such conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678. The Complaint also distinguishes between the students generally in the Behavioral Treatment Program at Trewyn Grade School and the students in the B.E.D. unit where Lawler taught. The B.E.D. unit apparently was a special unit within the Behavioral Treatment Program for violent students rather than emotionally disturbed or mentally ill students. Compare Complaint, ¶ 4 with ¶ 9. Lawler fails to allege facts that plausibly show that her students were individuals with disabilities under the Rehabilitation Act. Paragraph 27 fails to state a claim under the Rehabilitation Act.

Lawler argues that paragraph 27 of the Complaint alleges a claim interference with her attempts to engage in protected activity under the Rehabilitation Act. The Rehabilitation Act incorporates certain provisions of the ADA for purposes of employment discrimination claims, including § 503 of the ADA. 29 U.S.C. § 794(d); 42 U.S.C. § 12203. Section 503(b) of the ADA states,

> (b) Interference, coercion, or intimidation
>
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42 U.S.C.A. § 12203(b).  Lawler argues that paragraph 27 alleges that Lawler aided or encouraged her students in the exercise of their rights under the Rehabilitation Act, and the School District interfered with her efforts.

Paragraph 27, however, does not allege Lawler's interference theory.  The paragraph does not allege that she aided or encouraged any students.  The paragraph does not allege that the School District interfered with her efforts to aid or encourage any students.  The paragraph only alleges that she was unable to do her job due to her training and disability.  The Complaint elsewhere alleges that she wanted a transfer to accommodate her own disability because these students assaulted her, not because she was trying to aid and encourage them.  See Complaint, ¶¶ 9-15.  The Complaint also does not allege facts to establish that the students were entitled to the protections of the Rehabilitation Act for the reasons discussed above.  Paragraph 27 does not allege a claim for interference under § 503(b) of the ADA, as incorporated into the Rehabilitation Act.[1]

---

[1] The Rehabilitation Act also only incorporates § 503(b) for purposes of employment discrimination claims.  29 U.SC. § 794(d).  To the extent that Lawler was attempting to allege that she was engaged in protected activity to protect the rights of the students, her claim would be based on the students' rights to educational services from a federally funded program.  It is unclear that the interference language in ADA § 503(b) would apply to a Rehabilitation Act claim based on a denial of educational benefits.

Lawler relies heavily on the decision, Brown v. City of Tucson, 336 F.3d 1181 (9th Cir. 2003), to support her interference argument. The Brown case involved a disabled person who was trying to exercise her own rights under the ADA. Id., at 1182-87. The case does not concern the impact of a denial of a reasonable accommodation on the rights of third parties. The Brown decision offers no support for Lawler's allegations in paragraph 27.

WHEREFORE THIS COURT RECOMMENDS that the Defendant's Partial Motion to Dismiss (d/e 19) be allowed. The claim alleged in paragraph 27 of the Amended Complaint (d/e 11) should be dismissed.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER:    April 9, 2013

                                          *s/ Byron G. Cudmore*
                                       UNITED STATES MAGISTRATE JUDGE